UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH R. CRAFT, JR.,

    Plaintiff,

    v.                                CAUSE NO. 3:23-CV-535-DRL-MGG

SHERIFF *et al.*,

    Defendants.

## OPINION AND ORDER

Kenneth R. Craft, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a *pro se* complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Craft alleges he has been denied adequate healthcare for his hernia while incarcerated at the Pulaski County Jail since September 2, 2022.[1] He says he is in "severe

---

[1] He filed three previous lawsuits about these same events: two were dismissed pursuant to Federal Rule of Civil Procedure 41(b) because he did not resolve his filing fee status and/or

hernia pain" and that the medical staff at the Pulaski County Jail are "refusing to give me anything for pain or medically evaluate me." ECF 1 at 2. He claims he developed a "new hernia" on September 2, 2022, and that he has received no pain medication or treatment for it. He has sued the Pulaski County Sheriff and Quality Correctional Care, the medical care provider at the Jail, for injunctive relief in the form of pain medication and monetary damages.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care for serious medical conditions. *Smith v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). However, they are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

"[M]ere disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) (citation and quotations omitted). Instead, the court must "defer to medical

---

comply with the court's orders (*see Craft v. Witkowski*, cause no. 3:22-CV-962-JD-MGG (filed Nov. 21, 2022) and *Craft v. Pulaski County Jail, et al.*, cause no. 3:22-CV-661-DRL-MGG (filed Aug. 8, 2022)), and one was dismissed because had failed to exhaust his administrative remedies prior to filing suit (*see Craft v. Sheriff*, cause no. 3:22-CV-583-JD-MGG (filed July 25, 2022).

2

professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotations omitted). By the same token, ignoring an inmate's complaints of pain or delaying in providing necessary treatment can amount to deliberate indifference, particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and quotations omitted).

Mr. Craft has not sued any individual medical defendants. Rather, he has sued Quality Correctional Care, the private medical company contracted with the jail. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and this company cannot be held liable for a constitutional violation solely because it employs the medical staff responsible for his care. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy," *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). Here, Mr. Craft has not plausibly alleged that such an official policy or custom exists. *See, e.g., Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content); *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (noting that a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level") (quotations and citation omitted); *see also Howell v. Wexford Health Sources, Inc.*, 987

F.3d 647, 654 (7th Cir. 2021) (isolated incidents of wrongdoing by a few employees cannot support a *Monell* claim). Therefore, the claims against Quality Correction Care will be dismissed.

As to the Sheriff, Mr. Craft seeks to hold him liable because he is in charge of the medical staff at the Pulaski County Jail and because he developed a new hernia while under the Sheriff's control. However, this is not a viable basis for imposing individual liability for monetary damages under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). He also attaches documents regarding a grievance appeal to the Sheriff on April 12, 2023, which the Sheriff denied. *See* ECF 1-1. This cannot form the basis for liability under § 1983 either. As the Seventh Circuit has explained:

> Public officials do not have a free-floating obligation to put things to rights . . . Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.

*Burks*, 555 F.3d at 595. Mr. Craft has not plausibly alleged the Sheriff was personally involved in the medical decisions related to his hernia(s).[2] *See Bissessur*, 581 F.3d at 602;

---

[2] In fact, the grievance response attached to the complaint indicates Dr. Tchapchet, a medical professional, was aware of Mr. Craft's concerns regarding the hernia(s) and had informed the

4

*Atkins*, 631 F.3d at 832. Therefore, the claims for monetary damages against the Sheriff in his individual capacity will be dismissed.

That said, the complaint can be generously read to allege that Mr. Craft has an ongoing need for medical treatment and/or pain medication related to his hernia. He will be permitted to proceed on a claim against the Sheriff in his official capacity for injunctive relief to obtain adequate medical treatment. It is the Sheriff of the Pulaski County Jail who has both the authority and the responsibility to ensure Mr. Craft receives adequate medical care as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

For these reasons, the court:

(1) GRANTS Kenneth R. Craft, Jr., leave to proceed against the Pulaski County Sheriff in his official capacity to obtain permanent injunctive relief in the form of constitutionally adequate medical care for hernia issues as required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Quality Correctional Care;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate

---

Sheriff it was a "non emergency situation and an elective surgery." ECF 1-1 at 2. In general, non-medical personnel are entitled to defer to medical professionals about treatment specifics, and wrongdoing by doctors, without more, cannot be attributed to high-ranking officials with regard to individual liability. *See e.g. Burks*, 555 F.3d at 595.

and serve process on) the Pulaski County Sheriff with a copy of this order and the complaint (ECF 1); and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Pulaski County Sheriff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

June 14, 2023                                                                       *s/ Damon R. Leichty*
                                                                                     Judge, United States District Court